IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EUGENIO E. MARTINEZ, (TDCJ-CID #1686937) Petitioner, | § § § § | |
| vs. | § | CIVIL ACTION V-18-0059 |
| LORIE DAVIS, Respondent. | § § § § | |

## MEMORANDUM AND OPINION

Eugenio E. Martinez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, filed a petition for a writ of habeas corpus in July 2018. Martinez names Lorie Davis, the Director of the TDCJ-CID, as the respondent. Because Martinez seeks an order compelling the Texas Court of Criminal Appeals to grant him an out-of-time appeal, this Court construes his pleading as a petition for a writ of mandamus.

The threshold issue is whether this Court has jurisdiction to consider Martinez's petition for a writ of mandamus.

### I. Procedural History and Background

Online research reveals that on November 17, 2010, Martinez was convicted of aggravated assault causing serious bodily injury, Cause Number CR-2774-10-G, and received a fifteen-year sentence. He was also convicted of tampering with physical evidence, Cause Number CR-2774-10-G, and received a five-year sentence.

O:\RAO\KMH\2018\v18-0059.a01.wpd

Martinez states that he filed a state application for post-conviction relief on December 20, 2010, and the Texas Court of Criminal Appeals denied his state application without written order on findings of the trial court, on June 22, 2011. Martinez filed a second state application for post-conviction relief on May 21, 2012, and the Texas Court of Criminal Appeals dismissed the action for abuse of the writ on July 31, 2013, under Tex. Code Crim. Proc. art. 11.07, Sec. 4.

Martinez states that he is not challenging his convictions. Rather, Martinez seeks to compel the Texas Court of Criminal Appeals to grant him an out-of-time appeal.

## II. Analysis

To the extent Martinez seeks a writ of mandamus against Lorie Davis as an agent of the State of Texas or the Texas Court of Criminal Appeals, this Court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the State of Texas. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this Court. Even if this liberally construed Martinez's petition to name the Texas Court of Criminal Appeals as the respondent, the Texas Court of Criminal Appeals is also not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this Court. This Court lacks jurisdiction to entertain

Martinez's request for mandamus relief.

III. **Conclusion**

Martinez's petition for a writ of mandamus is DENIED. Any and all remaining pending motions are DENIED as moot.

SIGNED at Victoria, Texas, on December 6, 2018.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE